# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 10-2848

_____

United States of America,

        Appellee,

v.

Tarone L. Shipp,

        Appellant.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Western District of Missouri.
\*
\*      [UNPUBLISHED]
\*
\*

_____

Submitted: April 14, 2011
Filed: May 9, 2011

_____

Before LOKEN and MURPHY, Circuit Judges, and JARVEY,[1] District Judge.

_____

JARVEY, District Judge.

Tarone Shipp ("Shipp") was serving a three-year term of supervised release following his completion of a 37-month sentence for being a felon in possession of a firearm when he was arrested and charged with counterfeiting. Shipp appeals the

---

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa, sitting by designation.

district court's[2] denial of a motion to dismiss his supervised release revocation proceedings. Shipp argues that the district court lacked authority to revoke his supervised release after his term expired because of a nearly eight month delay between his arrest and his initial appearance.

The government argues that the delay was reasonable because the counterfeiting charge, which formed the basis for the revocation proceedings, was adjudicated during that time.

For the reasons discussed below, we affirm.

## I. BACKGROUND

On March 27, 2007 Shipp began a three-year term of supervised release after completing a prison sentence for the unlawful possession of a firearm. On October 14, 2009 Shipp was arrested and charged in a criminal complaint with counterfeiting. Shipp was detained during the pendency of the counterfeiting case and had appointed counsel. On October 26, 2009 the probation office issued a violation report alleging that Shipp had violated his supervised release by counterfeiting currency. The district court issued an arrest warrant for the alleged supervised release violation on October 28, 2009. Shipp pleaded guilty to the counterfeiting charge on February 10, 2010. On June 21, 2010 another district court judge[3] sentenced Shipp to 34 months' in prison for the counterfeiting offense, consecutive to any sentence imposed upon the revocation of Shipp's term of supervised release.

---

[2] The Honorable Howard F. Sachs, Judge, United States District Court for the Western District of Missouri.

[3] The Honorable Gary A. Fenner, Judge, United States District Court for the Western District of Missouri.

Shipp made his initial appearance on the revocation proceedings on June 22, 2010 and counsel was appointed to represent him. On August 3, 2010 Judge Sachs sentenced Shipp to 15 months' imprisonment, consecutive to the 34-month sentence imposed in the counterfeiting case.

## II. DISCUSSION

We review the district court's authority to revoke a defendant's supervised release de novo. United States v. Hacker, 450 F.3d 808, 814 (8th Cir. 2006). Likewise, the district court's interpretation of the Federal Rules of Criminal Procedure is reviewed de novo. United States v. Pardue, 363 F.3d 695, 697 (8th Cir. 2004).

Title 18 United States Code § 3583 (i) provides:

> The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment . . . extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

Shipp's term of supervised release was scheduled to expire on March 26, 2010. The supervised release revocation warrant was issued on October 28, 2009. Thus, the plain language of § 3583(i) confers authority upon the district court to revoke Shipp's supervised release. See also Hacker, 450 F.3d at 815-16 (holding that the district court had authority to revoke defendant's supervised release where the warrant issued one day before the term of supervised release expired). The delay between the revocation arrest warrant and Shipp's initial appearance on revocation proceedings was reasonable as the counterfeiting charge was adjudicated during this time.

We also reject Shipp's argument regarding the delay between his arrest and the initial appearance on the revocation proceedings. While Fed. R. Crim. P. 32.1(a)(1) provides that "[a] person held in custody for violating probation or supervised release must be taken without unnecessary delay before a magistrate judge" this court has previously held that this requirement does not apply to a person being detained for an offense in addition to the supervised release violation. See United States v. Pardue, 363 F.3d 695, 697-98 (8th Cir. 2004) (noting that "Rule 32.1 exists to protect the probationer from undue federal incarceration," which is not at issue when a defendant is also in custody on a new case).

Shipp finally argues that the delay in the appointment of counsel cost him the opportunity to have both sentences imposed by the same judge, which he claims would have increased the chance of a concurrent sentence. Shipp's argument is completely speculative with respect to the lost opportunity for concurrent sentences, and he makes no showing of prejudice, as he had no legal right to have both the underlying charge and the revocation proceedings adjudicated by the same judge.

## III. CONCLUSION

For the foregoing reasons, we affirm the district court's denial of Shipp's motion to dismiss the revocation proceeding.

_____